## TURBEN v. WILSON.

No. 18249.    Opinion Filed July 17, 1928.

Rehearing Denied Nov. 20, 1928.

Stevens & Cline, for plaintiff in error.

Ray & Thomas, for defendant in error.

HERR, C. This is an action by Floyd Wilson, a minor, by C. L. Wilson, his next friend, against I. E. Turben, doing business as the Turben Motor Company, to recover the sum of $253 initial payment made by him on the purchase of a car.

The car was purchased in the month of March, 1925, $253 having been paid in cash and notes and a chattel mortgage to secure the same in the sum of $506 executed for the balance of the purchase price. Floyd Wilson was, at that time, a minor. Possession of the car was delivered to him in July, 1925, and the car was kept by him 36 days, at the expiration of which time the same was, by him, returned to the defendant, and the contract disaffirmed.

At the conclusion of the testimony, the trial court directed a verdict in favor of the plaintiff. Defendant appeals.

There is no substantial conflict in the evidence. It is not disputed that at the time of the purchase of the car plaintiff was only 17 years of age. Defendant, however, contends that at said time plaintiff represented himself to be 18 years of age, and evidence was offered by defendant tending to establish such representation. This is, however, denied by plaintiff.

It is contended by defendant that this

conflict in the evidence raised an issue which should have been submitted to the jury; that if plaintiff was, in fact, 18 years of age at the time of the purchase, under section 4978, C. O. S. 1921, he could not disaffirm the contract without returning the car, and compensating the owner for damage theerto.

It is argued that plaintiff, having represented and held himself out as being 18 years of age at the time of the purchase, to the prejudice of defendant, he ought not now be heard to say that he was under 18 years of age at said time; that this issue, as well as the issue as to whether or not the car was damaged at the time of its return, should have been submitted to the jury. The car was a second-hand car at the time of the purchase by plaintiff. The evidence discloses that after its return by the plaintiff it was resold for the sum of $750. There was no attempt to establish any damage done to the car by plaintiff while the same was in his possession. There is no evidence tending to establish that the car was not in as good condition when returned as when received by plaintiff.

The evidence established that plaintiff kept the car only 36 days. Defendant did not plead in his answer that the car was returned in a damaged condition; that plaintiff failed to make restitution, and could not, therefore, disaffirm the contract. He does plead that at the request of plaintiff the car was repaired at a cost of $152.25, and at the trial offered to make proof thereof, which was by the trial court excluded —and we think correctly so. These repairs were, probably, as badly needed the day the car was purchased as on the day they were made. At least there is no proof whatever that the car was, in any manner, damaged by the plaintiff.

We are of the opinion that there was no issue to submit to the jury. There was no error in denying defendant's motion for a continuance.

Judgment should be affirmed.

TEEHEE, HALL, REID, and LEACH, Commissioners, concur.

By the Court: Is is so ordered.